# Richmond.

## TEMPLEMAN'S ADMINISTRATOR v. PUGH, RECEIVER.

### FEBRUARY 10, 1904.

1. LIMITATIONS OF ACTIONS—*Non-resident Debtor—Obstructing Action—Death of Non-resident Debtor—Code, Section* 2933.—If a non-resident, owning effects in this State, makes a simple contract to be performed in this State, and then dies outside of the State, and more than six years elapse after his death and after the accrual of the cause of action, which was after his death, before action is brought on the contract, the right of action is barred by the statute of limitations. The debtor, having died before the plaintiff's cause of action accrued, did not and could not obstruct its prosecution. Neither he nor his estate are within the spirit or letter of section 2933 of the Code, as amended, making savings as to the classes of persons therein mentioned as long as they obstructed the prosecution of any such right of action as is mentioned in chapter 140 of the Code. After the lapse of two months from the debtor's death the plaintiff could have had his estate in Virginia committed to the sheriff of the county where it was, and have instituted his action as soon as his cause of action accrued.

2. LIMITATION OF ACTIONS—*Statute of Repose—How Construed.*—Statutes of limitation are statutes of repose, and this is especially true as to the estates of the dead. They are founded on sound public policy, and should be so construed as to advance the policy they were designed to promote.

Error to a judgment of the Circuit Court of Fauquier county in action of *assumpsit,* wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*O. B. Roller & Martz* and *T. J. Elliott,* for the plaintiff in error.

*Munford, Hunton, Williams & Anderson* and *A. B. Pugh,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

A. B. Pugh, receiver, on the 26th day of December, 1900, instituted his action of *assumpsit* against the personal representative of James A. Templeman, deceased, to recover the sum of $1,250.00, alleged to be due from the said decedent's estate on account of subscriptions to the stock of the Salem Loan and Real Estate Investment Company, chartered under the laws of this State.

The defendant appeared and filed the plea of *non-assumpsit,* the plea of *res judicata,* and two pleas of the statute of limitations, one of three years, and the other of five years.

The plaintiff replied generally to the first two pleas, and filed two special replications to each of the pleas of the statute of limitations. To each of these special replications the defendant demurred. The court overruled the demurrers, and issues were joined. A jury was waived, and all matters of law and fact having been submitted to the court for its determination, it rendered judgment in favor of the plaintiff. To that judgment this writ of error was awarded.

The facts relied on in the pleadings by the plaintiff to defeat the bar of the statute of limitations, are the following: The contract sued on, which was to be performed in this State, was entered into in the year 1890 by James A. Templeman, who was then a citizen and resident of the State of Maryland, and

continued to reside without the State of Virginia until his death on the 27th day of October, 1894. His will was probated and his executors qualified in the Orphans Court of the city of Baltimore, in the State of Maryland. Afterwards, on the ——— day of ———, 1900, ancillary letters of administration were granted to the sheriff of Fauquier county. The cause of action accrued on the 1st day of January, 1895.

Section 2920 of the Code of 1887, after fixing the period of limitation upon any action to recover money upon an award or any contract other than a judgment or recognizance, provides, "that the right of action against the estate of any person hereafter dying (May 1, 1888) on any such award or contract, which shall have accrued at the time of his death, or the right to prove any such claim against his estate in any suit or proceeding, shall not in any case continue longer than five years from the qualification of his personal representative, or if the right of action shall not have accrued at the time of the decedent's death, it shall not continue longer than five years after the same shall have so accrued."

By section 2919 of the Code, as amended by an act approved February 12, 1896 (Acts 1895-'6, p. 331), it is provided, among other things, that the period of one year from the death of any party shall be excluded from the computation of time within which by the operation of any statute or rule of law it may be necessary to commence any proceeding to preserve or prevent the loss of any right or remedy.

The decedent, James A. Templeman, having died October 27, 1894, and this action not having been brought until December 26, 1900, the demand sued on, whether controlled by the three years or the five years statute of limitations, is barred, even if the period of one year from the death of the debtor should be excluded in computing the time between his death and the institution of this action, unless the decedent or his estate is exempted from the operation of the statute by section

2933 of the Code, as amended by act approved February 19, 1898 (Acts 1897-'8, p. 441). This section, as amended, so far as material to this case, is as follows:

"Where any such right as is mentioned in this chapter shall accrue against a person who, by departing without this State or by absenting or concealing himself, or by continuing to reside without the State, or by any other indirect ways or means, shall obstruct the prosecution of such right, the time that such obstruction may have continued shall not be computed as any part of the time in which the said right might or ought to have been prosecuted. But this section shall not avail against any other person than him so obstructing, notwithstanding another might have been jointly sued with him if there had been no such obstruction."

The object of the Legislature in enacting that section was to stop the running of the statute of limitations as to the classes of persons therein mentioned, as long as they obstructed the prosecution of any such right of action as is mentioned in chapter 140 of the Code. Since dead men cannot obstruct the prosecution of any such right, it is clear that the section can only apply to persons living at the time the right of action accrued, and then only to such time as they shall have obstructed the prosecution of such right in the manner therein indicated.

In this case, the debtor having died before the plaintiff's right of action accrued, he did not and could not obstruct its prosecution. He is neither within the letter nor the spirit of section 2933; neither is his estate. As soon as two months had elapsed after the debtor died, the plaintiff could have had his estate in Virginia committed to the sheriff of Fauquier county for administration (Code, sec. 2645), and as soon as his right of action accrued, have instituted this action, just as he could have done if the debtor had been a resident of this State when he died.

Statutes of limitations are statutes of repose, and especially

is this true as to the estates of the dead.    They are founded on a sound public policy, and should be so construed as to advance the policy they were designed to promote.

We are of opinion that the facts relied on are not sufficient to defeat the bar of the statute of limitations, and that the judgment of the Circuit Court must be reversed for so holding.

*Reversed.*