## Nightlinger et ux. v. Johnson

*Brown & Williams,* for plaintiffs.

*Charles E. Kenworthy,* of *Evans, Bayard & Frick,* for defendant.

FINLETTER, P. J., April 7, 1932.—Plaintiffs sue in assumpsit to recover damages for personal injuries to the wife, alleged to be the result of malpractice by defendant.

They plead a contract between the wife and the defendant doctor by which the latter undertook the medical care of the wife, and each plaintiff claims damages.

If the wife was the contracting party the husband is improperly joined as plaintiff.

More than two years had elapsed when the writ issued, and the important question is whether or not the action is barred by the Act of June 24, 1895, P. L. 236, Sec. 2, which provides:

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards."

This statute of limitation is pleaded by way of an affidavit of defense of law, which is before us.

The questions whether the claim is based upon contract, and whether or not plaintiffs have a right to waive the tort and sue upon the contract, are subordinate to the principal question of the interpretation of the statute. If, properly interpreted, the statute bars both actions, the plaintiffs' right to sue in assumpsit is unimportant.

Certainly the terms of the statute are both explicit and inclusive. No distinction is made by it between trespass and assumpsit, none between direct trespasses and trespasses on the case. The legislature made no attempt to classify actions to which the act should apply upon any of the bases just indicated. On the contrary, it classified them simply into suits brought to recover damages for injuries wrongfully done to the person, on the one hand, and, on the other, all other cases. It included the first in the application of the act, and excluded all others. The act therefore applies to assumpsit brought to recover damages for personal injuries and to trespass suits brought for the same purpose.

We are at a loss to find a more inclusive phrase than "Every suit hereafter brought to recover damages for injury wrongfully done to the person."

The legislature makes no attempt to discriminate between forms of action, but defines the actions it has in mind simply by their purpose—those brought to recover damages for injuries to the person.

The reason for the shorter term of limitation in such suits applies equally whether the writ sounds in tort or contract. It is that the infirmities of testimony weakened by lapse of time may be as far as possible avoided, especially in cases which usually depend entirely upon oral testimony.

It is argued that "this is not a suit brought to recover damages for injuries done the person," but a suit founded upon a breach of contract, and that the injuries are in point only to measure the damages.

But again we say the legislature does not classify actions upon their "foundations" but upon the purpose for which they are brought.

If the plaintiffs' argument is sound, negligence cases are not within the statute. In them also the "foundation" of the action is the want of due care, negligence, and the injuries are only the measure of the damages. The argument therefore that would take the instant case out of the statute, because its basis is not the injuries, would also take the trespass or negligence case out of it, and there would be nothing left to which the statute could apply.

We are unable to see the distinction in this connection between a breach of contract duty and a breach of a duty of due care. "Injuries to the person" bear the same relation to the contract case that they do to the tort case. The contract breach and the tort are the foundations of the cases, the injuries to the person the consequence and in part the measure of damages.

The truth, however, is that all of this technique is out of place in the interpretation of the statute, because the legislature speaks in the language of the everyday man, and not as a special pleader. All the plaintiffs' argument is aside from the question, what did the legislature mean by "every suit hereafter brought to recover damages for injury wrongfully done to the person." It meant, of course, every suit, be it assumpsit, trespass, trespass on the case, or any other kind of a suit by which damages for personal injuries could be collected.

There are no precedents in the appellate courts, and this itself is a strong argument against the plaintiffs, because every case in which a passenger in a railroad accident was injured would benefit by the interpretation for which the plaintiffs contend. The contract relation between the plaintiffs and the defendant in the instant case finds its exact analogy in the contract for safe carriage involved in the issue and purchase of the passenger's railroad ticket. Plaintiffs seek to differentiate the cases by referring to the fact that the carrier is bound to accept the passenger. This is true, but it does not alter the fact that their relation arises out of contract, and that no logical distinction can be drawn between a contract to carry carefully and a contract to treat carefully.

The precedents throughout the country are not uniform, and there are no decisions of the appellate courts of Pennsylvania; but in five cases in the common pleas, one a railroad negligence case (Boroswitz v. Union Traction Co., 8 Dist. R. 676), another a malpractice case (Henkel v. Beitsch et al., 22 Dist. R. 895), and another against a druggist for an improperly compounded prescription (Bradley v. Laubach et al., 23 Dist. R. 151), the plaintiffs were held to the two-year limitation. In the last cited case, Judge Ferguson said:

"We are obliged, however, to look beneath the form [of the action] and ascertain the real basis of the claim. The statement . . . rests wholly upon the illness of the plaintiff. . . . There can be no doubt the basis of the claim is the injury wrongfully done to plaintiff's person. It is unimportant whether it resulted from a breach of contract or from a tort without a contract. For damages in such case the law requires the suit to be brought within two years. . .

It is impossible to avoid the effect of this requirement by instituting the action in *assumpsit*. The gist of the action is the test, not the form."

See, also, Rothrock *v.* Wolfe, 13 D. & C. 129, and Boinski *v.* Penman, 9 D. & C. 496, malpractice cases.

In deciding, in Boyd *v.* Snyder, 207 Pa. 330, that the two-year limitation does not apply to actions for malicious prosecution, the Supreme Court said: "It is clearly intended to apply only to cases of injuries to the person."

In a note (1 A. L. R. 1313) to Klingbeil *v.* Saucerman, Exec'r, 165 Wis. 60, it is said that:

"The holding . . . that the phrase, 'actions to recover damages for injury to the person,' includes actions ex contractu, appears to be in harmony with the weight of authority. Almost all of the courts seem to regard such a statute as creating a special class of cases, 'carved out of the general classes' created by the general Statute of Limitations.

"Where a statute limits the time in which an action for 'injuries to the person' may be brought, the statute is applicable to all actions, the real purpose of which is to recover for an injury to the person, whether based upon contract or tort," citing many cases, q. v.

See, also, 37 C. J. 774, 775, notes 64 to 67; Griffin *v.* Woodhead, 30 R. I. 204, 74 Atl. 417; Birmingham *v.* Chesapeake & Ohio Ry. Co., 98 Va. 548, 37 S. E. 17; B. & O. R. R. Co. *v.* Reed, 223 Fed. 689, 692; Webber *v.* Herkimer, etc., R. R. Co., 109 N. Y. 311; Maxson *v.* D., L. & W. R. R. Co., 112 N. Y. 559.

In these cases it is held that the question is one of interpretation of the statute. And, further, that the "gist of the action was the wrongful injury," that the contract is merely an incident to show how the duty to use reasonable care arose.

The plaintiff relies mainly upon Menefee *v.* Alexander, 107 Ky. 279.

In that case the reason for the decision that actions founded on professional negligence were not within the limitation upon actions for personal injuries was that the "cause of action grows out of a failure to perform a duty imposed upon the defendant by the nature of his undertaking; and if, by reason of this breach of duty, there has been an incidental injury to the person, the character of the action is not changed. The right of action accrued when there was a breach of duty, and not when the loss or damage resulted from it." It will be noted that the decision is not put upon any distinction between contract and tort liability.

As we have said above, the reasoning in the Menefee case applies equally well to a railroad passenger who has bought a ticket. And literally it applies to the driver of an automobile for violation of his duty to use reasonable care, a duty which he breaks when he drives negligently. This leaves only trespasses vi et armis for the act to apply to. The writer of the opinion in the case cited was himself evidently of this opinion, for he goes on to say: "The phrase 'an action for an injury to the person' . . . refers to those cases where the personal injury is the gist of the action; such as actions for assault and battery, and the like." He evidently excludes all trespasses on the case, for he says: "If a druggist should sell a man poison for a harmless medicine, the suit for damages therefor would not be an action for injury to the person." It is quite likely that this interpretation of the Kentucky statute is correct, for by another section of the act, injuries to passengers on railroads are expressly made subject to the limitation, leading, of course, to the inference that the legislature had not intended the other section to cover cases of breach of contract duty.

The right of the plaintiffs to recover property damages was not pressed or argued in the instant case.

For these reasons, we agree with Judge Ferguson that we are obliged to look beneath the form of the action and ascertain the real basis of claim, and if it rests on "injuries to the person," we are of opinion that the action is barred by the Act of 1895.

The affidavit of defense of law is sustained.