## Staunton

### The Bank of Chatham v. J. M. Waldron.

September 8, 1948.

Record No. 3352.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Staples and Miller, JJ.

*W. Carrington Thompson* and *William G. Vansant,* for the appellant.

*Langhorne Jones*, for the appellee.

HUDGINS, C. J., delivered the opinion of the court.

On July 9, 1920, J. M. Waldron executed a note due on demand and payable to the order of J. J. Patterson. On April 12, 1922, on request of the note holder, and pursuant to the provisions set forth on the face of the note by his attorney in fact, N. E. Clements confessed judgment before the clerk of the Circuit Court of Pittsylvania county. Execution was issued on the judgment, but on instructions given by the owner it was held in the clerk's office and no return was made thereon. No other execution was issued.

At the time the note was executed Waldron was a resident of Pittsylvania county and owned an undivided, remainder interest, subject to the life estate of another, in a tract of land containing 236 acres. After the note was executed and before judgment was confessed, Waldron became a resident of Washington, D. C.

The Bank of Chatham, by assignment, became and is now the owner of the judgment debt.

In August, 1946, after the death of the life tenant, the other owners of the 236 acre tract instituted a suit for partition. The Bank of Chatham filed its petition in the suit alleging that its judgment against Waldron was a lien against his interest in the land and praying that its lien be enforced in the suit. The commissioner in chancery, to whom the cause was referred to take account of the liens and priorities, reported the judgment a valid lien against Waldron's interest in the land.

The chancellor sustained the exceptions to this part of the commissioner's report and entered a final decree declaring that the judgment lien was barred by the statute of limitations and unenforceable. From that decree this appeal was allowed.

The decisive question presented is whether the amendments to Code section 5825 adopted in 1936 and 1938 (Acts 1936, p. 251; Acts 1938, p. 8), providing that the mere

removal of a judgment debtor from the State shall not toll the pertinent statutes of limitation*, are applicable.

We held in *Duffy* v. *Hartsock*, 187 Va. 406, 46 S. E. (2d) 570, decided March 1, 1948:

(1) That since a proceeding by *scire facias* to revive a personal judgment is a continuance of the original suit, a *scire facias* may be obtained against a non-resident as well as a resident judgment debtor;

(2) That the fact that a judgment debtor removes from the State does not toll the statute of limitations;

(3) That the limitation on the right to enforce a judgment applies to judgments obtained before as well as those obtained after the amendments to section 5825 became effective.

Appellant concedes that the decision of *Duffy* v. *Hartsock*, *supra*, settled adversely to its contentions the issues raised by it in its opening brief; but it now contends that on the recordation of its judgment it became a lien on the land then owned by the judgment debtor, and that this lien constituted a vested right which the General Assembly could not impair by shortening the time in which to enforce it, unless it was given a reasonable opportunity to enforce its right before the shorter period became effective.

After reviewing the authorities on the power of the legislature to shorten the period of time within which existing obligations may be enforced, we held in *Allen* v. *Mottley Const. Co.*, 160 Va. 875, 170 S. E. 412:

(1) That since a statute of limitation relates to a remedy only and not to a right, it may be made to apply to existing causes of action as well as to those that accrue subsequently.

(2) That the period of limitation may be reduced and made to apply to existing causes of action, provided a reasonable time and opportunity are given to persons having such claims to bring their suits or actions before the shorter period becomes effective;

(3) That the purpose of the provisions of section 53 of

---

*Michie's Code, sections 6474, 6477, and 6478.

the Constitution, providing that general laws shall not become effective for a period of 90 days from the adjournment of the General Assembly, was to give the people a fair opportunity to acquaint themselves with the provisions of the statutes enacted at a given session, in order that they might institute and prosecute appropriate proceedings for the enforcement of any claims affected thereby.

When pertinent Code sections 5825, 6474, 6477 and 6478 are construed together, as they must be, it is apparent that the legislature did not intend for the mere removal of a judgment debtor out of the State to toll the time in which judgment might be enforced. The reasons upon which this conclusion is based are set forth in the two Virginia cases cited and need not be repeated.

The decree is affirmed.

*Affirmed.*