KENNETH JONES

*v.*

HOWARD JONES

(No. 10160)

Submitted September 13, 1949. Decided October 18, 1949.

LOVINS, JUDGE, not participating.

HAYMOND and FOX, JUDGES, concurring.

*S. A. Powell,* for plaintiff in error.

*Ambler, McCluer & Davis,* for defendant in error.

KENNA, JUDGE:

This action was brought on the 24th day of August, 1948, for the purpose of recovering damages for personal injuries suffered on the 11th day of October, 1946. After craving oyer of the writ the defendant below plead the one year limitation under Code, 55-2-12, to which the plaintiff demurred. The Circuit Court of Ritchie County overruled the plaintiff's demurrer. The plaintiff not wishing to traverse the allegations of the defendant's plea of the statute of limitations nor to further plead, the Circuit Court of Ritchie County held that the plaintiff take nothing and entered judgment accordingly, this writ of error having been granted upon the petition of the plaintiff below, the sole question being whether the one or five year period of limitation under Code, 55-2-12, read together with Code, 55-7-8, is applicable.

As we understand the contentions of the plaintiff in error they are that Syllabus 1 of the case of *Hereford* v. *Meek,* 132 W. Va. 373, 52 S. E. 2d 740, decides that actions such as the case at bar survive the death of either or both parties litigant and that since the action is therefore to be classified as being "survivable" the five year limitation under Code, 55-2-12, is the provision properly applied and that consequently the Circuit Court of Ritchie County erred.

On the other hand the defendant below, defendant in error, takes the position that the syllabus point in question is expressly confined to a situation arising only upon the death of the wrongdoer and that, furthermore, the language of the opinion in conclusion expressly limits the holding in the *Meek* case to cases where the death of one or the other parties litigant in personal injury actions occurs before the running of the one year limitation and that in this instance, since no question of death of a party litigant is involved, the action does not survive within the contemplation of Code, 55-2-12, and hence the one year period is applicable.

The plaintiff below attempts to counter this position

by arguing, in effect, that under Code, 55-2-12, the question to be decided is whether the right of action "survives" or does not. If it does survive the limit is five years: if it does not, the limit is one year. The plaintiff below, plaintiff in error, contends that Code, 55-7-8, has made a right of action for personal injury survive and by doing so has caused the five year limitation under Code, 55-2-12, to apply.

Statutes of limitation as a rule do not turn upon the question of who are or who are not the parties litigant nor their status, but upon the question of the nature of the rights or cause of action asserted; that the status of the parties litigant, such as their being infants, incompetents, etc., determines *the running* or suspension of a statute of limitations but *does* not affect the applicable period, that being determined by the nature of the right of action. We are inclined to agree that formerly the question of whether a cause of action survived or did not under Code, 55-2-12, did depend entirely upon the nature of the cause of action: if purely personal it did not survive: if it involved property or a property right, it did. The question then would seem to be to what extent, if at all, did the Legislature by the enactment of Chapter 2 of the Acts of 1945 intend to alter the meaning to be attached to the word "survive" as used by this Court in applying Section 55-2-12, and thereby to extend only by implication the period limiting all personal injury actions from one year to five.

There are certain uniform principles applied to statutes of limitation that should guide their application. Outstanding among these is that the periods vary according to the nature of the right of action, in this jurisdiction, as in most, distinguishing between property rights and purely personal rights such as slander, alienation of affections, personal injury, et cetera. In prescribing the periods according to the nature of the right of action our Legislature, of course, did not deal with the status of parties litigant, but in the general provision embodied in Code, 55-2-12, only the difference in nature of the rights of action

or a purely substantive question, as distinguished from a procedural or adjective one, is drawn. As clarifying this distinction see *Gerling v. Baltimore & Ohio Railroad Company*, 151 U. S. 673, 38 L. ed. 311, 318. See also *Birmingham* v. *Chesapeake & Ohio Railway* Co., 98 Va. 548, 37 S. E. 17. True, in a separate section of the same article it was expressly provided that the limitations should not begin to run as against incompetents, infants, and certain other unfortunates, making them exceptions to the general rule, or tolling the running of the limitations as to them, this being purely an adjective or procedural question. This section did not disturb the imposed limitations themselves. See Code, 55-2-15.

We believe that when the above distinction is borne in mind in reading Chapter 2 of the Acts of 1945 and this Court's opinion in the case of *Hereford* v. *Meek*, 132 W. Va. 373, 52 S. E. 2d 740, it will be made quite clear that both deal only with matters of procedure and were not intended to and do not concern the direct application of the general limitations in any way.

In applying Code, 55-2-12, in order to distinguish actions of such nature "that, in case a party die, it can be brought by or against his representative," this Court often spoke of actions of that nature as being actions which "survive," using that word as describing actions that involved a property right as distinguished from purely personal actions. In enacting Chapter 2 of the Acts of 1945 the Legislature used the word "survive" in relation to parties litigant, i.e. the death of the wrongdoer; not in relation to the nature of the cause of action. In the first syllabus in *Hereford* v. *Meek*, 132 W. Va. 373, 52 S. E. 2d 740, the Court was dealing with the death of the wrongdoer, and it is restricted to that situation. The opinion makes that clear in the following language:

"\* \* \* It should be clearly understood that the decision reached in the two cases here under consideration, as set forth in this opinion, applies only to an action based upon a right of action which accrues by reason of injury done to the per-

son of another, when the injury does not cause the death of the injured person, and when, after the injury is inflicted, the wrongdoer dies, and which right of action, by virtue of the statute, survives the death of the wrongdoer and may be enforced against his personal representative; * * *."

We have said that the statement contained in a syllabus is to be read in the light of the opinion. *Koblegard, Trustee* v. *Hale,* 60 W. Va. 37, 41, 53 S. E. 793.

In our opinion, therefore, the use of the word "survive" in the syllabus in the *Meek* case does not affect the nature of the cause of action under Code, 55-2-12, and consequently does not apply the five year limitation generally to actions for personal injury. That case, correctly viewed, restricts the application of Chapter 2 of the Acts of 1945 to cases where the death of the wrongdoer follows the injury complained of.

The judgment of the Circuit Court of Ritchie County will be affirmed.

*Affirmed.*

HAYMOND, JUDGE, concurring:

I concur in the conclusion reached in this case and file this concurring opinion for the purpose of making clear the distinction between this case and the cases of *Hereford* v. *Meek,* 132 W. Va. 373, 52 S. E. 2d 740, and to indicate that the application of the five year limitation provided by Code, 1931, 55-2-12, in effect when this action was instituted, is restricted to the situation expressly dealt with by Code, 1931, 55-7-8, as amended by Chapter 2, Acts of the Legislature, 1945, Regular Session. Since the *Hereford* cases were decided the five year limitation has been reduced, by Chapter 2, Acts of the Legislature, 1949, Regular Session, to a two year limitation, except that in instances in which a cause of action had accrued before the enactment of the 1949 statute the limitation has been fixed at two years from the effective date of the statute or five years from the accrual of the action, whichever shall be

less; and by Chapter 4, Acts of the Legislature, 1949, Regular Session, the period within which an action under Code, 1931, 55-7-8, as amended, may be instituted, has been fixed at one year from the time the cause of action accrues.

The *Hereford* cases simply held that under Code, 1931, 55-7-8, as amended by Chapter 2, Acts of the Legislature, 1945, Regular Session, the right of action dealt with by the statute, in favor of a person who has sustained a personal injury not resulting in death and which injury was caused by the wrongful act, neglect or default of another person, survived the death of the wrongdoer and may be enforced against his personal representative and that, in the absence of any express limitation imposed by the statute as it then existed, the time within which an action based upon such right of action may be instituted was the five year period provided by Code, 1931, 55-2-12. In those cases the statute which provided that the right of action should survive the death of the wrongdoer was not construed to apply to any action to recover damages for a personal injury between persons who survived or to any other type of personal action which was not clearly within its express provisions. As expressly stated in the last paragraph but one in the opinion in the *Hereford* cases, no question was there presented with respect to the statute of limitations in an action for personal injury when none of the parties dies within one year after the injury occurred.

In my opinion the Legislature, in amending Code, 1931, 55-7-8, by the enactment of Chapter 2, Acts of the Legislature, 1945, Regular Session, and in providing for the survival of a right of action against a wrongdoer who subsequently dies, did not intend to change or affect the period of limitations for actions for personal injuries in general or to cause the then existing five year statute of limitations to apply to such cases. In consequence, the one year statute of limitations applies to and governs this case; and the judgment of the circuit court, which recognized

and applied the one year statute of limitations, should be affirmed.

I am authorized to state that Judge Fox joins in this concurring opinion.