592

Lila DE GROFF and George Roerig

v.

Charles HUNSICKER (George
Roerig).
Civ. A. No. 15724.

United States District Court
E. D. Pennsylvania.

April 25, 1956.

Cormac J. Malloy, of Gray, Anderson & Schaffer, Philadelphia, Pa., for plaintiff.

Michael Shekmar, and Max E. Cohen, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

Defendant has filed a motion to dismiss this personal injury action [1] on the ground that the action is barred by the period of limitations prescribed in 8–24 of the Code of Virginia, 1950.[2] This section contains the following language, which has been in the Virginia statutory law at least since the first half of the 19th Century (see Section 11, Ch. 149, of the Virginia Code of 1849):

"Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, *if it be for a matter of such nature that in case a party die it can be brought by or against his representative*; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued." (Emphasis supplied.)

Any right to bring the action accrued on September 9, 1951. This suit was instituted on August 21, 1953.

If this personal injury action is "for a matter of such nature that in case a party die it can be brought by or against his representative," the period of limitations had not expired on August 21, 1953, but, if this action is "for a matter not of such nature," then the defendant is entitled to have the action dismissed.

In Anderson v. Hygeia Hotel Co., 1896, 92 Va. 687, 24 S.E. 269, 270, the court pointed out that the language italicized above had reference to the common-law rule that a personal action for damages

1. Plaintiff's injuries resulted from an automobile accident which took place near Woodbridge, Virginia, on September 9, 1951. The parties have stipulated that this motion to dismiss may be filed, even though an answer has been filed previously.

2. Under the following wording of the Act of June 26, 1895, P.L. 375, 12 P.S. § 39, the Virginia period of limitations controls if it is longer than the two-year period prescribed by the Pennsylvania law (see Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34):

"When a cause of action has been fully barred by the laws of the state or country in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this commonwealth."

resulting from injury to persons or property "died with the person to whom or by whom the wrong was done." It stated that in 1819 Virginia had (C. 104, § 64, of Rev.Code, 1819) adopted the principle of the English statute of 4 Edw. III c. 7, enabling a personal representative to sue or be sued for damages resulting from injuries to property, so that the five-year period of limitations applied to such an action. The court held in the Anderson case that the Virginia Wrongful Death Act (based on Lord Campbell's Act passed by the British Parliament in 1846) established a new cause of action so that this Wrongful Death Act did not bring an action for personal injuries which existed prior to the death of the injured or injuring party within the italicized language.[3] Again, in Watson v. Daniel, 1936, 165 Va. 564, 183 S.E. 183, 185, the court said:

"The test * * * is survivorship. * * * If the claim of the plaintiff would pass to his administrator in the event of his death, then the action survives and the five-year limitation applies. If this claim constitutes a cause of action that survives, then it is a chose in action and is a proper asset for the personal representative in event of plaintiff's death."

After compilation of the Official Code of Virginia, 1950,[4] Chapter 481 of the Acts of Assembly of Virginia, 1950, p. 948, added a new Section 628.1 to Title 8 of the Code, containing this language:

"No cause of action for injuries to person or property shall be lost because of the death of the person liable for the injury. No cause of action for injuries to person or property shall be lost because of the death of the person in whose favor the cause of action existed, provided, however, in such action no recovery can be had for mental anguish, pain or suffering."

Since the Virginia General Assembly amended this Section 628.1 [5] as of June 28, 1952,[6] by adding to the last sentence a proviso that no such action for personal injuries may be brought more than one year after the injuries occurred,[7] it is not necessary to decide whether this section, as it existed prior to June 28, 1952, affected the period of limita-

---

**3.** The court summarized the Virginia law at that time as follows at page 270 of 24 S.E.:

"But while the rule of the common law has been much restricted and limited by statutes both in England and in this country, and the right to sue for an injury done to the property or estate of the decedent in his lifetime has been conferred on the personal representative of the deceased, the rule has not been altered in this state in respect of an injury done to the person. An action for an injury to the person still, as at common law, dies with the person, and no right of action for such an injury survives to his personal representative. Therefore, for an injury to the person, the action must, under the provisions of section 2927 of the Code, be brought within one year from the time the right of action accrues, which is the time when the injury was sustained."

**4.** As authorized by Chapter 262 of the Acts of Assembly of Virginia, 1948.

**5.** See Chapter 378, p. 671, of the Acts of Assembly of Virginia, 1952. This Act was apparently construed to establish a one-year period where the injury occurred after its effective date in Smith v. Bain, D.C.M.D.Pa.1954, 123 F.Supp. 632.

**6.** Section 53 of the Virginia Constitution provides that the effective date of Acts of the General Assembly (which do not contain any specific effective date and Chapter 378 mentioned in footnote 5 had no such date) shall be 90 days after the date on which the Session of the General Assembly passing the Act adjourns. The date of adjournment of the 1952 Session of the Virginia General Assembly was March 29, 1952.

**7.** The exact language added by the Act mentioned in footnote 5 is: "provided, however, that no such action for personal injuries, except an action brought by any person under disability at the time of the injury, may be brought more than one year after the injuries occurred."

594

tions provided in Section 24 of Title 8.[8] The Supreme Court of Appeals of Virginia has held in at least two opinions, which have discussed the subject thoroughly, that the Virginia General Assembly has the power to shorten the time within which existing causes of action may be brought as long as at least 90 days exist between the passage of the Act establishing such shorter period and its effective date. See Allen v. Mottley Construction Co., 1933, 160 Va. 875, 170 S.E. 412; Bank of Chatham v. Waldron, 1948, 188 Va. 68, 49 S.E.2d 277.[9] In the Waldron case, the court stated, at page 278 of 49 S.E.2d that it had held:

"(1) That since a statute of limitation relates to a remedy only and not to a right, it may be made to apply to existing causes of action as well as to those that accrue subsequently.

"(2) That the period of limitation may be reduced and made to apply to existing causes of action, provided a reasonable time and opportunity are given to persons having such claims to bring their suits or actions before the shorter period becomes effective;

"(3) That the purpose of the provisions of section 53 of the Constitu-

tion, providing that general laws shall not become effective for a period of 90 days from the adjournment of the General Assembly, was to give the people a fair opportunity to acquaint themselves with the provisions of the statutes enacted at a given session, in order that they might institute and prosecute appropriate proceedings for the enforcement of any claims affected thereby."

As the above-mentioned proviso uses the term "no such action," it includes by its terms any action instituted more than one year after the injuries occurred which is commenced after that proviso became effective.[10] Furthermore, since the General Assembly specifically provided in 1954, when it changed the limitation period to two years, that such period should not apply to causes of action arising prior to July 1, 1954,[11] the failure to add such a provision to the 1952 amendment indicates an intention to make that 1952 amendment apply to existing causes of action in accordance with the established rule of the highest appellate court of the jurisdiction.

Since the period of limitations had been reduced to one year by an act effective 6/28/52 (90 days after the ad-

8. See opinions dated Dec. 10, 1954, and May 12, 1955, 141 F.Supp. 589, of Chief Judge Kirkpatrick in Raughley v. Pennsylvania R. R. Company, C.A. 14025 in this court, and cases there cited; appeal dismissed on other grounds, opinion of 3 Cir., 1956, 230 F.2d 387. Cf. In re Funk, D.C.W.D.Va.1932, 2 F.Supp. 555, affirmed Ruebush v. Funk, 4 Cir., 1933, 63 F.2d 170; Seymour v. Richardson, 1953, 194 Va. 709, 75 S.E.2d 77, 80; Hereford v. Meek, 1949, 132 W.Va. 373, 52 S.E.2d 740; Jones v. Jones, 1950, 133 W.Va. 306, 58 S.E.2d 857. It is noted that the title to the Chapter 481 of the Acts of Assembly of Virginia 1950, is "An Act to amend the Code of 1950 by adding a section numbered 8–628.1 to provide for the survival of certain actions." A construction of this Act to extend the period of limitations may be prohibited by

§ 52 of the Virginia Constitution which provides "No law shall embrace more than one object which shall be expressed in its title." See Wooding v. Leigh, 1934, 163 Va. 785, 177 S.E. 310.

9. See, also, Duffy v. Hartsock, 1948, 187 Va. 406, 46 S.E.2d 570.

10. See Watkins v. Hall, 1934, 161 Va. 924, 172 S.E. 445; Superior Steel Corp. v. Commonwealth, 1927, 147 Va. 202, 136 S.E. 666.

11. See Chapter 607 of Acts of Assembly of Virginia, 1954. It is also noted that the Virginia appellate courts emphasize the public policy favoring the bar of the statute of limitations. See Templeman's Administrator v. Pugh, 1904, 102 Va. 441, 46 S.E. 474, 475.

journment of the 1952 session of the legislature on 3/29/52), which was prior to 9/9/52 (the expiration of a year from the date of the accident),[12] this suit was barred by the applicable Virginia statute of limitations when it was commenced in August 1953.

12. The cases cited in Allen v. Mottley, supra, as well as that opinion, make clear that 90 days' notice of a reduction in the period of limitations is sufficient. See, also, Terry v. Anderson, 1877, 95 U.S. 628, 638, 24 L.Ed. 365.