Halcy R. MAYNARD and Muriel
Maynard, Appellants,

v.

GENERAL ELECTRIC COMPANY, a cor-
poration, Appellee.

No. 73-1010.

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1973.

Decided Oct. 30, 1973.

James D. Nash, Jr., Fairmont, W. Va.
(Greene, Ketchum & Baker, Huntington,
W. Va., W. Dale Greene and Preiser
& Wilson, Charleston, W. Va., on brief),
for appellants.

Richard J. Bolen, Huntington, W. Va.
(William C. Beatty and Huddleston, Bol-
en, Beatty, Porter & Copen, Hunting-
ton, W. Va., on brief), for appellee.

Before BOREMAN, Senior Circuit
Judge, and CRAVEN and WIDENER,
Circuit Judges.

BOREMAN, Senior Circuit Judge:

In 1967, McNally Pittsburgh Manu-
facturing Company purchased from de-
fendant below, General Electric Compa-
ny, a "motor control center" for use in
connection with the operation of a coal
mine. The parties arranged with the O.
K. Trucking Company to ship the motor
control center from Cincinnati, Ohio, to
Hamilton, Virginia, via O. K.'s Hunting-
ton, West Virginia, terminal.

On February 1, 1968, plaintiff below,
Halcy Maynard (hereafter appellant or
Maynard), who was then employed by
the O. K. Trucking Company at its
Huntington, West Virginia, terminal,

was assisting in moving the motor control center by means of a forklift truck. During this maneuver the control center fell from the forklift, severely injuring appellant. It is alleged that the shipping carton containing the control center, which was designed and constructed by General Electric, was not suitable for shipping and that the faulty design caused it to become overbalanced and slip from the forklift truck.

On November 9, 1970, Maynard instituted a civil action against General Electric Company in the Southern District of New York, the corporate residence of General Electric. Pursuant to 28 U.S.C. § 1404(a), the action was transferred to the Southern District of West Virginia. The parties are in full agreement that West Virginia law governs with respect to the question of liability and the appropriate statutes of limitation to be applied to the theories of liability asserted in the complaint.

The complaint alleged that General Electric was liable to Maynard for the injuries sustained in the accident related above under the theories of (a) negligence, (b) strict liability in tort, (c) express warranty, and (d) implied warranty. It has been conceded before both the district court and this court that any cause of action arising under the theories of (a) negligence or (b) strict liability in tort, are barred by West Virginia's two-year statute of limitations applicable to actions for damages for personal injuries.

General Electric moved for a summary judgment with respect to the two remaining theories of liability, interposing the defenses of lack of privity, the statute of limitations, and disclaimer of warranty. The district court, citing Uniform Commercial Code § 2–318 [W. Va. Code, ch. 46, art. 2, § 318 (Michie 1966)], in a very thorough and well-reasoned opinion, D.C., 350 F.Supp. 949, held that the lack of privity between Maynard and General Electric would defeat any breach of warranty claim and entered summary judgment in favor of General Electric. The court noted that

"the question of whether or not lack of privity will defeat a breach of warranty claim under West Virginia law has not yet been decided by West Virginia's highest court," but "predicted" West Virginia would adopt a conservative approach with respect to warranty-based products liability law and would require a showing of privity as an element of an action for breach of warranty.

On appeal Maynard seeks to have the summary judgment set aside. He contends that the district court's conclusion that recovery was barred by a lack of privity between himself and General Electric is erroneous. He alleges that his employer, O. K. Trucking Company, acted as the bailee of General Electric and that General Electric impliedly warranted that the shipping carton containing the motor control center was safe for the purpose of shipping the goods. We note the fact that this theory of privity was not specifically argued before the district judge; the elements of this relationship do, however, appear on the face of the complaint. The Federal Rules of Civil Procedure have abolished the technical forms of pleading, Fed.R.Civ.P. 8(e)(1), and the pleadings must be construed to do substantial justice, Fed.R.Civ.P. 8(f). Hence, in reviewing the entry of a summary judgment, we must consider the record in the light most favorable to the party opposing the motion, Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962), and draw all possible inferences favorable to the party opposing the motion, Van Horn v. Gulf Atlantic Towing Corp., 388 F.2d 636, 637 (4 Cir. 1968). While we will not consider new causes of action raised for the first time on appeal, any theory "plainly encompassed by the pleadings and . . . clearly a 'discernible circumstance' from the record before the court" should be considered on appeal. Semaan v. Mumford, 118 U.S.App.D.C. 282, 335 F.2d 704, 706, n. 7 (1964). We further note that "it is proper for this court to affirm a summary judgment on any ground that ap-

pears from the record, whether or not the trial court relied on it." Helena Rubinstein, Inc. v. Bau, 433 F.2d 1021, 1023 (9 Cir. 1970).

Maynard asserts that by basing his action on an implied contract theory he avoids the Uniform Commercial Code privity question that concerned the district court and also avoids the two-year personal injury statute of limitations which would bar his action. He contends that General Electric impliedly warranted that the shipping crate was fit for its intended use. "An implied warranty is an implied contract." Hoge v. Ward, 109 W.Va. 515, 522, 155 S.E. 644, 647 (1930). West Virginia Code ch. 55, art. 2, § 6 (Michie 1966), provides a five-year statute of limitations for breach of an implied contract.

 The question is, as we view this case on appeal, what statute of limitations governs a cause of action for personal injuries when the action is based on a breach of implied warranty. The view of the majority of the courts which have considered the question appears to be that an action to recover for personal injuries is, in essence, a personal injury action and, regardless of whether it is based upon an alleged breach of implied warranty or is based upon an alleged tort, the limitations statute applicable to actions for personal injuries is controlling. See Annot., 37 A.L.R.2d 703 (1954). The issue raised here by appellant relieves us of the burden of "predicting" what another court would do; the West Virginia Supreme Court of Appeals follows the majority view as we demonstrate below.

The first West Virginia case dealing with the application of the personal action statute of limitations and the implied contract statute of limitations was Kuhn v. Brownfield, 34 W.Va. 252, 12 S.E. 519 (1890). The court stated that where, from a given state of facts, the law raises a legal obligation, and there is a breach of that obligation with consequential damages, though assumpsit may be maintainable upon a promise implied by law, still an action on the case

is the more proper form of action. In conclusion the court held that:

"The action, though connected with an *implied contract,* is for a tort or wrong resulting in *bodily suffering* and *injury,* . . . and is thus limited to one year." [The then existing statute of limitations for actions for personal injuries.] 34 W.Va. at 260, 12 S.E. at 522 (emphasis added).

Probably the most definitive statement by the West Virginia court as to which statute of limitations is applicable was made in Jones v. Jones, 133 W.Va. 306, 308, 58 S.E.2d 857, 858 (1949).

"There are certain uniform principles applied to statutes of limitation that should guide their application. Outstanding among these is that periods vary according to the nature of the right of action, in this jurisdiction, as in most, distinguishing between property rights and purely personal rights such as slander, alienation of affections, *personal injury,* et cetera." (Emphasis added.)

The court went on to cite Birmingham v. Chesapeake & Ohio Railway Co., 98 Va. 548, 37 S.E. 17 (1900), as a case that would clarify the distinction between property and personal rights and what statute of limitations was applicable. In *Birmingham* the court characterized the distinction in succinct language.

"The limitation is not determined by the form of action, but by its object. If the thing complained of is an injury to the person, the limitation in assumpsit is the same as if the action were in form ex delicto. 'Whenever the injury is merely personal, whether resulting from breach of contract [breach of warranty as asserted in this case] or from tort, the maxim, "Actio personalis moritur cum persona," prevails.'

"The object of the suit at bar being to recover damages for personal injuries alleged to have been sustained by the plaintiff, the limitation in tort actions is applicable." 98 Va. at 551, 37 S.E. at 17 (citation omitted).

It is clear that the West Virginia court has distinguished property rights from purely personal rights such as personal injuries. West Virginia Code ch. 55, art. 2, § 12 (Michie 1966), the present statute of limitation applicable to personal actions, is not limited to actions in tort but rather applies to all actions seeking damages for personal injuries:

"Every personal action for which no limitation is otherwise prescribed shall be brought . . . within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries . . . ."

See 75 W.Va.L.Rev. 201 (1972); 64 W. Va.L.Rev. 412 (1962).

Appellant insists that the two-year statute of limitations does not apply and that his cause of action is not barred. He cites, Howard v. United Fuel Gas Company, 248 F.Supp. 527 (S.D.W.Va. 1965) (applying West Virginia law) in support of that claim. There it was alleged that a gas pipe was improperly installed between 1953 and 1955 which resulted in an explosion and personal injuries to the plaintiff in 1963. The court noted, in passing, that the statute of limitations would bar any recovery on a warranty theory since the limitations period ran from the time of the breach. The court indicated that the five-year limitation period pertaining to actions on contract would be applicable rather than the two-year limitation period pertaining to actions for personal injuries but that statement was mere *dictum*. The case relied on by the court in *Howard* was Hoge v. Ward, 109 W.Va. 515, 155 S.E. 644 (1930). *Hoge* involved a suit in assumpsit on a note for breach of an implied warranty. The court there held that an implied warranty is an implied contract and that a suit must proceed in assumpsit rather than tort. *Id.* at 647. We find no authority in *Hoge* for the proposition that an action for personal injuries may be excluded from the two-year statute of limitations pertaining to "damages for personal injuries" merely because those injuries arise from a wrong that also breaches an implied warranty.

West Virginia's two-year statute of limitations of *personal injury* actions is applicable to appellant's breach of implied warranty or contract theory. His cause of action accrued on February 1, 1968. This action was commenced on November 9, 1970, more than two and one-half years later. West Virginia law compels us to conclude that appellant's claim for personal injuries, even under an implied warranty or contract theory, is barred by the two-year statute of limitations.

Maynard did not pursue his express warranty theory on appeal. We note, however, that actions based upon breach of express warranties or contracts are limited by West Virginia Code ch. 55, art. 2, § 6 (Michie 1966), the same statute of limitation of actions claiming breach of implied warranties. The cases and statutes cited above would be equally applicable and the result reached would be the same if Maynard had relied upon the breach of express warranty theory.

The judgment below will be

Affirmed.