## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### W. I. Watson and Capitol Small Loan Corporation v. J. H. Daniel.

January 16, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Eggleston, JJ.

The opinion states the case.

*R. E. Cabell* and *M. W. Moncure, Jr.*, for the plaintiff in error.

*George E. Allen*, for the defendant in error.

Gregory, J., delivered the opinion of the court.

J. H. Daniel instituted his action at law in the court below against W. I. Watson and Capitol Small Loan Corporation for damages on account of expenditures made by him in and about the curing and healing of his infant

child of injuries negligently caused by them and for the value of his loss of services of the child resulting from such injury. A jury was waived and the questions of law and fact were submitted to the court. A judgment was awarded Daniel for $2,800.

The parties will be referred to by their respective positions in the trial court—that is, Daniel will be referred to as the plaintiff and W. I. Watson and Capitol Small Loan Corporation, as the defendants.

The facts, which do not seem to be in dispute, are correctly set forth in the petition as follows:

"On September 7, 1932, Grace O. Daniel, plaintiff's child, approximately six (6) years of age, while crossing Cary street between Belvidere and Pine streets in the city of Richmond, Virginia, was struck by an automobile owned and operated by the defendants; on September 6, 1933, the injured infant, by her father as next friend, instituted her action in Hustings Court, Part Two, of the city of Richmond, Virginia, against the defendants for recovery of damages for her personal injury alleged to have been caused by the negligence of the defendants, and recovered in said action a verdict for Fifteen Hundred Dollars ($1,500) upon which judgment was rendered on March 1, 1934. This judgment with all court costs was paid by the defendants without noting an appeal. Upon the trial of this action against the defendants by the infant child, by her father as next friend, defendants' counsel objected to admission of proof of any of the costs and expenses of healing and curing the infant of her injuries resulting from the collision, and also for any amount claimed on account of the loss of services resulting from said injuries during her infancy, which objections were sustained by the trial court, and none of said costs and expenses and loss of services were allowed to be proven or recovered for in said action.

"With respect to damages claimed by the plaintiff, J. H. Daniel, in his proceeding, aggregating Three Thousand Eight Hundred Thirty Dollars Forty-five Cents ($3,830.45),

Two Thousand Seven Hundred Ninety Dollars Forty-five Cents ($2,790.45) represents expenses for doctors, hospitals, nursing, medicine costs and other expenses, while Six Hundred Dollars ($600) is claimed as the value of the services of the infant alleged to have been lost to plaintiff as a result of the injuries caused by defendants' negligence, and Four Hundred Forty Dollars ($440) represents estimated loss of services to plaintiff resulting from time and care spent by Mrs. J. H. Daniel, plaintiff's wife, in waiting on and nursing the injured child during disability. The amount of damages determined by the court of Twenty-eight Hundred Dollars ($2,800) was agreed to by counsel for both plaintiff and defendants as being the proper amount of damages, in event the plaintiff is entitled to recover anything in this proceeding."

To the notice of motion the defendants filed a special plea of the one year statute of limitation in bar of the plaintiff's action.

On the motion of the plaintiff to strike out the defendants' special plea of the statute of limitation of one year the trial court ruled that the five year statute of limitation applied and ordered that the special plea of the one year statute be stricken out. This action was excepted to by the defendants.

After the said plea of the statute of limitations had been stricken out, the court proceeded to pronounce judgment against the defendants.

The sole issue now before us relates to the limitation applicable to this case. If the one year limitation applies then the plaintiff is not entitled to recover anything because more than a year elapsed after the injury to the child before the present action was brought. If the five year limitation applies, then the plaintiff is entitled to the amount of the judgment which the lower court entered in his favor, because less than five years elapsed from the time of the injury, which was September 7, 1932, until the time this action was brought by notice of motion for

judgment on March 24, 1934, and amended on July 13, 1934.

The pertinent statutes are sections 5818 and 5385 of the Code. They are as follows:

"*Section 5818. Of Actions Not Before Specified.*—Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die, it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring same shall have accrued." (Code 1887, section 2927.)

"*Section 5385. For Goods Carried Away, Waste or Damage to Estate of or by Decedent.*—An action of trespass, or trespass on the case, may be maintained by or against a personal representative for the taking or carrying away of any goods, or for the waste or destruction of or damage to, any estate of or by his decedent." (Code 1887, section 2655.)

The precise point here involved has never been passed upon by this court.

At common law personal actions, with few exceptions, died with the death of either party but by statute now in Virginia all personal actions survive except some actions in tort. Mr. Harrison in his work on Wills and Administration, paragraph 426, says: "Those actions survive which consist of injuries to property, real and personal, or grow out of breach of contract. All actions, therefore, for injury to character or the person die with the death of either party. Actions for libel and slander or malicious prosecution, assault and battery, and actions of like character die with the person injured." The present action would abate at common law upon the death of the plaintiff. The sole inquiry, which is determinative of this case, is whether or not under our statutes the action would survive the death of the plaintiff. If so, the five year limitation applies; if not, the one year limitation is applicable.

It was said by Judge West in *Trust Company* v. *Fletcher*, 152 Va. 868, 148 S. E. 785, 787, 73 A. L. R. 1111, "Whether the one year or the five years' statute applies depends upon whether or not the cause of action would survive. If it would survive, the limitation is five years; if it would not survive, the limitation is one year." The test under section 5818 is survivorship. Then what tort actions survive? The answer of this court is found in *Winston* v. *Gordon*, 115 Va. 899, 80 S. E. 756, 763, where Judge Keith, quoting from Graves on Pleading, p. 16, said: "Those for wrongs to property, real or personal, or which grow out of breach of contract, but not for wrongs done to the person or reputation, or any purely personal wrong, apart ·from property or contract." In *Mumpower* v. *City of Bristol*, 94 Va. 737, 27 S. E. 581, it was held that in order to authorize an action under our statute by a personal representative for damage of any kind to the estate, real or personal, the damage must be direct and not the consequential injury or loss to the estate which flows from a wrongful act directly affecting the person only. See also, *Grubb's Adm'r* v. *Sult*, 32 Gratt. (73 Va.) 203, 34 Am. Rep. 765; *Lee's Adm'r* v. *Hill*, 87 Va. 497, 12 S. E. 1052, 24 Am. St. Rep. 666; *Anderson* v. *Hygeia Hotel Co.*, 92 Va. 687, 24 S. E. 269; *Mumpower* v. *City of Bristol, supra; Birmingham* v. *C. & O. Ry. Co.*, 98 Va. 548, 37 S. E. 17; *Winston* v. *Gordon supra; Cover* v. *Critcher*, 143 Va. 357, 130 S. E. 238; *Trust Company* v. *Fletcher, supra,* and *Vance* v. *Maytag Sales Corporation*, 159 Va. 373, 165 S. E. 393.

In *Lee's Adm'r* v. *Hill, supra,* the court held that the statute, section 2655 (now section 5385), should have a liberal construction and in determining whether the action survives the real injury ought to be regarded rather than the form of the remedy.

It may be of aid in the determination of the question to bear in mind the nature of the two actions. The gist of the infant's action was the negligence or the breach of duty of the defendants, while the plaintiff's action is for the damage he has sustained by reason of loss of services

and incurring or paying the medical and hospital expense made necessary to effect a cure of the infant whose injury was caused by the negligence of the defendants. These expenses were legally chargeable to the plaintiff and when he incurred or paid them, immediately he had a claim, or an unconditional right to have them paid to him by the defendants. Is this claim or right of the plaintiff intangible property, a chose in action? Would this unconditional obligation of the defendants to pay the plaintiff this claim be administrative assets, in the event the plaintiff died, with which his personal representative would stand properly charged? Is the loss of services of the infant the loss of a property right? In general, the personal estate of the deceased of all kinds and character, both tangible and intangible, vested and contingent, in action or possession, pass as assets to the personal representative. If the claim of the plaintiff would pass to his administrator in event of his death then the action survives and the five year limitation applies. If this claim constitutes a cause of action that survives then it is a chose in action and is a proper asset for the personal representative in event of plaintiff's death. We are of opinion that this cause of action would survive and pass to his personal representative in event of the plaintiff's death.

The Virginia cases do not decide the pertinent question here. They announce principles which aid in the decision of this case but the facts in those cases differ from the facts now before us. It will be proper at this point to briefly consider those cases.

In *Cover* v. *Critcher, supra,* and *Vance* v. *Maytag Sales Corporation, supra,* we held that the damage in those cases was not direct, but consequential and therefore the action would not fall under section 5385. In the former case the defendant was charged with fraud and misrepresentation in inducing the plaintiff to enter into a contract for the purchase jointly with the defendant of a large tract of land which resulted in the loss of the use of the plaintiff's property. In the latter case the plaintiff charged

that he had been induced to enter into a contract for the sale of washing machines through the fraudulent promises of the defendant and as a result had suffered damage. The defendants' fraud, in those cases, was the gist of the actions and any damage to the property or the estate of the plaintiffs resulting from such fraud was indirect and consequential. While the defendants' fraud may have cause the plaintiffs' loss, such loss was incidental to the primary wrongful act affecting the person only and not directly affecting his estate.

In *Anderson* v. *Hygeia Hotel Co., supra,* the plaintiff was injured by falling into an open pit filled with hot oil, which was on the premises of the defendant. He brought suit to recover damages for the injuries he had sustained. The accident happened on January 12, 1892; the suit was brought in June, 1893, more than a year after the accident. The defendant pleaded the one year statute of limitation; the plaintiff demurred to the plea. The court overruled the demurrer and gave judgment for the defendant. It was held that an action to recover for such personal injury must be brought within one year from the time the injury was inflicted. The court traced the history of section 2655 (now section 5385) and held that the common law had been changed in this country so that the right to sue for an injury done to the property or estate of the decedent in his lifetime had been conferred on the personal representative, but the common law rule in respect of an injury done to the person had not been altered in this State. An action of the latter kind still dies with the person.

In *Mumpower* v. *City of Bristol, supra,* the action was brought against the city for maliciously suing out an injunction against the plaintiff whereby the operation of his mill was suspended. The defendant filed a plea of the one year statute. Upon instruction of the court the jury found that more than one year had expired since the cause of action had accrued. The sole question upon the appeal was whether the one year statute applied. Code, section

2655 (now section 5385), was construed not to apply and the action was held not to survive because the injunction did not operate to carry away the goods of the plaintiff; nor cause its waste or destruction; nor to inflict any damage upon the estate of the plaintiff. The court further held that the language of the statute is comprehensive and embraces damages of any kind or degree to the estate, real or personal, of the person aggrieved; but the damage must be direct, and not the consequential injury or loss to the estate which flows from a wrongful act directly affecting the person only.

In *Birmingham* v. *C. & O. Ry., supra,* the plaintiff sued for personal injuries charged to have been inflicted by the defendant in permitting her to alight from its train at an improper place and in its agents failing to assist her and her small children to the station, on account of which she claimed to have sustained injuries by reason of exposure. She also alleged special damages of $100, which she claimed to have expended on account of the injuries. The court held that the object of the suit was to recover damages for personal injuries alleged to have been sustained by the plaintiff and the limitation of one year applied. The action not having been brought within the one year period the court further held that the fact that special damages of $100 had been laid did not operate to cause the personal action to survive; that the special damages were indirect and incidental damages to the plaintiff's estate, arising from an injury purely personal in its nature and that it would not cause the action, brought to recover for such injuries, to survive.

In *Trust Company* v. *Fletcher, supra,* the plaintiff brought his action to recover as damages the purchase price paid by him to the defendant for certain worthless stock. The defendant contended that the one year statute of limitation applied, while the plaintiff contended that the five year statute applied. This court held that under section 5385 of the Code, the cause of action would survive and therefore applied the five year statute. It also

held that the conduct complained of, that is, the fraudulent obtaining of the plaintiff's money for the worthless stock, was a direct injury to the plaintiff's property; that by the fraud of the defendant the plaintiff was deprived of the possession of his property, and the specific property of the plaintiff was taken and appropriated to defendant's use.

An exhaustive discussion of the Virginia statutes of limitation is found in the case of *Winston* v. *Gordon, supra.* There, trustees brought a suit against the directors of a closed bank for their misconduct and negligence in the administration of the affairs of the bank. The directors filed pleas of the one year, two year and three year statutes of limitation. The trial court rejected the pleas of the one and two year statute but sustained the plea of the three year statute. This court, upon appeal held that the suit, if it had been brought at law instead of in equity would have been an action of tort sounding in damages; that the cause of action against the directors did not grow out of contract, but grew out of a breach of duty; that there was no element of injury to the person in the case; that the wrong was to rights of property and a suit to obtain redress would survive, therefore the five year statute was applicable.

The plaintiff in the present case has suffered no injury to his person. His injury is to his own personal estate; that is, he has been compelled to pay out of his personal estate the medical and hospital expense for his child. He has also lost the services of his child. It cannot be said that the wrong to the plaintiff is merely personal, affecting his person only, apart from his personal estate. When the infant sued the defendants, the medical and hospital expense was sought to be shown as an element of his damage but upon objection of the defendants the court correctly ruled that it was not proper in that action. The father is legally chargeable with such expense. It is his duty to provide his child with the necessary medical at-

tention. In incurring and paying it, he is not a mere volunteer.

In 46 Corpus Juris, at page 1301, it is said: "An injury to a minor child gives rise to two causes of action, one on behalf of the child for pain and suffering, his permanent injury, and impairment of earning capacity after attaining majority, the other on behalf of the parent for loss of services during minority, and expenses of treatment, and the damages peculiar to one of these causes of action cannot properly be recovered in an action based on the other in the absence of any waiver or estoppel * * *."

The father's action is one to, recover the pecuniary loss he has sustained by being required to furnish medical treatment to his child and by losing the child's services. This is the gist of his action. If he is not allowed to recover and to reimburse his estate for what he has been required to take therefrom his estate must suffer the loss and this loss, in so far as the father is concerned, is direct and not incidental or consequential. The case is quite different when an adult is suing for personal injury. There the injury to the person is the gist of the action and the medical expenses necessary for a cure of his injuries are chargeable to him alone. They are incidental. He may show them in evidence and they are allowed and considered as a part of his damages. The gist of his action is the injury inflicted upon his person. The expense of treatment is inseparable from his bodily injury and flows directly therefrom.

Our conclusion is that the plaintiff has a separate cause of action, not growing out of a personal injury to himself, but for the pecuniary loss suffered by his estate; that such action is one that could be brought by a personal representative under section 5385 in the event of plaintiff's death and that the five year statute of limitation is applicable.

Numerous cases from other jurisdictions have been cited and relied upon by counsel. They are in conflict

and construe and apply the particular statutes of other States. The language of the Virginia statute is unlike that of the statutes of other States. Those cases, while interesting, are of little help in solving the problem here.

We think the judgment of the lower court should be affirmed.

*Affirmed.*