## BARNES COAL CORPORATION v. RETAIL COAL MERCHANTS ASS'N et al.

### No. 147.

District Court, E. D. Virginia, at Richmond. Jan. 20, 1942.

Allen & Allen, of Richmond, Va., for plaintiff.

Guy B. Hazelgrove, of Richmond, Va., for defendants Retail Coal Merchants Assn. and others.

M. J. Fulton, of Richmond, Va., for defendants E. T. Long Coal Co., Inc., and others.

Hunton, Williams, Anderson, Gay & Moore, of Richmond, Va., and Brown, Jackson & Knight, of Charleston, W. Va., for defendants A. T. Massey Coal Co., Inc., and others.

Barbour, Garnett, Pickett & Keith, of Fairfax, Va., for defendants Cabell Coal Co., Inc., and others.

Blue, Dayton & Campbell, of Charleston, W. Va., and Christopher B. Garnett, of Fairfax, Va., for defendants Wyatt Coal Sales Co., Inc.

George C. Peery, of ·Tazewell, Va., for defendants Smokeless Coal Co.

Mahan, Bacon & White, of Fayetteville, W. Va., for defendant White Oak Coal Co., Inc.

POLLARD, District Judge.

This is a suit by Barnes Coal Corporation against Retail Coal Merchants Association and eighty-one other defendants brought pursuant to Title 15, Section 15, U.S.C.A. Said section provides that any person who shall be injured in his business or property by reason of anything forbidden in the anti-trust laws may sue therefor and recover threefold the damages by him sustained. The complaint alleges that the defendants violated the Sherman Anti-Trust Act of ¨July 2, 1890, as amended, Title 15, Sections 1 to 7, 15 note, U.S.C.A.; the Clayton Act of 1914, Title 15, Sections 12 to 27, U.S.C.A.; and the Robertson-Patman Act of 1936, 15 U.S.C.A. § 13, amending Section 2 of the Clayton Act; in that the defendants entered into a conspiracy, individually and collectively, for the purpose of eliminating competition and monopolizing the retail trade of coal and fixing the prices and that the defendants did certain acts to carry into effect the said conspiracy.

All of the defendants have filed their answers to said complaint in which each defendant sets forth as an affirmative` defense the statute of. limitations. Certain of the defendants have filed interrogatories to which the plaintiff has made answers. From these interrogatories and answers it appears that all of the acts of the defendants of which the plaintiff complains occurred previous to the year 1940, or more than one year before April 8, 1941, the date on which the action was begun. Certain, but not all, of the defendants thereupon moved the court for summary judgment (Rule 56(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c), and at the request of all parties this action was set down for a hearing on said motion. At such hearing it was conceded by all parties that on said motion the only question for determination by the court was whether the one-year or the five-year statute of limitation applied to this action and the counsel for the plaintiff agreed that should the court determine that. the one

year statute applied that final judgment dismissing the action might be entered without requiring the defendants who had not made motions for summary judgment to do so. See Argument on Motion for Summary Judgment, pages 7 and 8.

██ What then is the statute of limitation applicable to a suit of this nature brought in a District Court in Virginia? The period of limitations for a civil action brought under Title 15, Section 15, U.S. C.A., not being specified by Congress, is to be governed by the law of the state where the action is brought. Title 28, Section 725, U.S.C.A. In applying the state statute the Federal Court must follow the construction placed thereon by the highest Court of the state. Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. So that the duty before the court is to examine the Virginia statutes of limitations and to apply the same in accordance with the interpretations given to such statutes by the highest courts of Virginia. In doing this, reference will be made to survivorship of actions. This is necessary for the reason that one of the Virginia statutes to be considered provides a one-year limit for torts that do not survive and a five-year limit for those that do. However, it must be remembered that we are not here dealing with a problem of substantive law but we are concerned with a general statute of limitations confined in its operations to a procedural question. If the question before the court was the right to revive an action under the provisions of Title 28, Section 778, U.S.C.A., an entirely different situation would be presented and the Virginia cases would not be controlling.

The applicable Virginia statutes are Sections 5818 and 5385 of the Code of Virginia. Said sections provide respectively as follows:

Section 5818. "Of actions not before specified.—Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued."

Section 5385. "For goods carried away, waste, or damage to estate of or by decedent.—An action of trespass, or trespass on

the case, may be maintained by or against a personal representative for the taking or carrying away any goods, or for the waste or destruction of, or damage to, any estate of or by his decedent."

In making the period of limitation dependent upon survivorship of the action, the Virginia statute follows one of the most ancient of common law distinctions and one of the earliest acts of Parliament embraced in the common law when it reached Virginia. The historical background of the distinction is treated most interestingly and fully in the briefs of counsel. The present statute has been in force since January 1, 1850, when the Code of 1849 went into effect. Section 5818 provides that a cause of action which survives shall be brought within five years after the right to bring the same shall have accrued and that a cause of action which does not survive shall be brought within one year. Section 5385 defines a cause of action which survives as one "for the taking or carrying away any goods, or for the waste or destruction of, or damage to, any estate of or by his decedent." So we reach the ultimate question to be determined in this case: Does the injury of which the plaintiff complains constitute the taking or carrying away of the goods or the damage to any estate as provided in Section 5385? If so, the limitation is five years; otherwise, the limitation is one year.

As already stated it is the duty of the court in determining this question to examine the Virginia statute and to apply the same in accordance with the interpretation given to such statutes by the highest Courts of Virginia. Before doing so, it is appropriate that reference be made to certain Federal Circuit Court of Appeals cases, which it is contended, are binding on this court because they have been approved by the Circuit Court of Appeals for the Fourth Circuit. Without referring to these cases by their title, this contention may be disposed of by saying that in the cases cited survivorship was a federal question because matters of substantive law were involved. Here we are concerned with a general statute of limitations involving a procedural question and survivorship is not a federal question.

The plaintiff relies on Watson v. Daniel, 165 Va. 564, 183 S.E. 183, and the defendants cite with confidence the case of Mumpower v. City of Bristol, 94 Va. 737, 27 S.E. 581. The following Virginia cases,

while not deciding the exact question here under consideration, contain helpful discussions of general principles: Birmingham v. Chesapeake & Ohio Ry. Co., 98 Va. 548, 37 S.E. 17; Winston v. Gordon, 115 Va. 899, 80 S.E. 756; Cover v. Critcher, 143 Va. 357, 130 S.E. 238; Trust Co. v. Fletcher, 152 Va. 868, 148 S.E. 785, 73 A.L.R. 1111; and Vance v. Maytag Sales Corporation, 159 Va. 373, 165 S.E. 393.

In Mumpower v. City of Bristol, 94 Va. 737, 27 S.E. 581, the action was for maliciously and without probable cause suing out an injunction against a plaintiff whereby the operation of his mill was suspended. The declaration alleged that by reason of the malicious obtaining and suing out of the injunction without probable cause the plaintiff was greatly injured in his business and was deprived of great profits and gains. The defendant pleaded that the causes of action did not accrue to the plaintiff within one year next before the commencement of the suit.

The court said (page 739 of 94 Va., page 581 of 27 S.E.) :

"The wrongful act which the defendant is alleged to have committed, and for the injury resulting from which the plaintiff sues, consisted in maliciously and without probable cause suing out an injunction against the plaintiff, whereby the operation of his mill was suspended. It is quite obvious that this injunction did not operate to take or carry away the goods of the plaintiff, nor cause the waste or destruction of, or inflict any damage upon, the estate of the plaintiff. It is true that the language of the statute is comprehensive, and embraces damage of any kind or degree to the estate, real or personal, of the person aggrieved; but the damage must be direct, and not the consequential injury or loss to the estate which flows from a wrongful act directly affecting the person only. No part of the defendant's property was taken or carried away; no part of it was wasted or destroyed; the plaintiff's use of his property, and not the property itself, was affected by the act of which he complains.

"We are of opinion that such a right of action does not survive, and that it was barred by the limitation of one year."

In Birmingham v. Chesapeake & O. R. Co., 98 Va. 548, 37 S.E. 17, the plaintiff sued alleging that the defendant had permitted her to alight from its train at an improper place and on that account she had sustained injuries by reason of exposure.

She also alleged special damages of $100 which she claimed to have expended on account of the injuries. The court held the one-year statute applicable and that the special damages were indirect and incidental damages to the plaintiff's estate, arising from an action purely personal in its nature and that a claim for such damages to the plaintiff's estate did not cause the action brought to recover for such injuries to survive.

In Winston v. Gordon, 115 Va. 899, 80 S.E. 756, trustees brought a suit against directors of a closed bank for their misconduct and negligence in the administration of the affairs of the bank. The court held that the cause of action against the directors did not grow out of contract, but grew out of a breach of duty; that there was no element of injury to the person; that the wrong was to the rights of property and a suit to obtain redress would survive, and therefore the five-year statute was applicable.

In Cover v. Critcher, 143 Va. 357, 130 S. E. 238, the defendant was charged with fraud and misrepresentation in inducing the plaintiff to enter into a contract for the purchase jointly with the defendant of a large tract of land. It alleged that the defendant had promised to get the right of way for moving wood and bark off of the land and that he had fraudulently failed to do so. It was the contention of the plaintiff that the defendant having failed to get the right of way to carry the wood and bark out the plaintiff had lost this wood and bark. The trial court held that the one-year statute was applicable. The Supreme Court of Appeals sustained the lower court and in doing so said, 143 Va. page 365, 130 S.E. page 240:

"Here, as in the case quoted from, the alleged misrepresentations as to rights of way did not operate to take away the goods of the plaintiffs, or cause waste or destruction of, or inflict any damage upon, the estate of the plaintiffs. The damage is not direct, but, if there was any injury, it was the consequential injury or loss to the estate which flowed from a wrongful act directly affecting the person only. The plaintiffs' use of the property and not the property itself was affected by the act of which he complains. The conduct of Critcher in failing to procure the rights of way, if proven to have been willful, only prevented Cover from using his property and exercising the right which he claimed to have,

and did not directly injure the property itself, just as in the Mumpower case the alleged malicious conduct of the city of Bristol simply prevented Mumpower from using his property, and did not injure the property itself.

"See, also, Henshaw v. Miller, 17 How. 212, 15 L.Ed. 222, in which the United States Supreme Court, construing this section of the Virginia Code * * * says: and 'Much less can it be made to cover an indirect and consequential injury to the welfare' or property of decedent 'resulting from a fraud practiced upon him.' "

In Trust Company v. Fletcher, 152 Va. 868, 148 S.E. 785, 73 A.L.R. 1111, the plaintiff brought an action to recover as damages the purchase price paid by him to the defendant for certain worthless stock. It was held that the five-year statute was applicable. The court said that the conduct complained of, that is the fraudulent obtaining of the plaintiff's money for the worthless stock, was a direct injury to the plaintiff's property and that by the fraud of the defendant the plaintiff was deprived of the possession of his property.

In the case of Vance v. Maytag Sales Corporation, 159 Va. 373, 165 S.E. 393, the plaintiff charged that he had been induced to enter into a contract to act as agent for the defendant for the sale of washing machines, through the fraudulent promises of the defendant and as a result had sustained damages. The court held that the defendant's fraud was the gist of the action and any damage to the property or estate of the plaintiff resulting from such fraud was indirect and consequential.

In Watson v. Daniel, 165 Va. 564, 183 S.E. 183, the plaintiff sued the defendant for damages on account of expenditures made by him in and about the curing and healing of his infant child of injuries negligently caused by the defendant and for the value of his loss of services of the child resulting from such injuries. In holding the five-year statute of limitation applicable, the court said (165 Va. page 573, 183 S.E. page 187):

"The father's action is one to recover the pecuniary loss he has sustained by being required to furnish medical treatment to his child and by losing the child's services. This is the gist of his action. If he is not allowed to recover and to reimburse his estate for what he has been required to take therefrom, his estate must suffer the loss and this loss, in so far as the father is con-

cerned, is direct and not incidental or consequential. The case is quite different when an adult is suing for personal injury. There the injury to the person is the gist of the action and the medical expenses necessary for a cure of his injuries are chargeable to him alone. They are incidental. * * *

"Our conclusion is that the plaintiff has a separate cause of action, not growing out of a personal injury to himself, but for the pecuniary loss suffered by his estate;"

It may be of aid to consider the nature of the action which the plaintiff is here asserting. It is charged that the defendants entered into a conspiracy and did certain acts to carry out the objects thereof; that the objects of said conspiracy were to fix the prices of coal, to monopolize the retail trade therein and to eliminate competition among persons engaged in the sale thereof. It is further charged that as a result of said conspiracy and overt acts, the volume of business of the plaintiff, who is retail dealer in coal but not a member of the Retail Coal Merchants Association or of said conspiracy, has been curtailed and restricted; it has been made more difficult for the plaintiff to obtain coal from operators; the plaintiff has had to pay a higher price for coal; and that the plaintiff has been injured in his business and property and deprived of profits which it otherwise would have made.

■■ When the language of the statute is considered in connection with the Virginia decisions, it is clear that the cause of action asserted in the complaint is not one for the taking or carrying away of the goods of the plaintiff or for the destruction of or damage to its property. While the language of the statute embraces damages of any kind or degree to the estate, the real or personal, of the aggrieved person, the damage must be direct and not the consequential injury or loss to the estate which flows from a wrongful act personal in its nature. Here the charge is that by the doing of certain acts forbidden by the anti-trust laws the defendants prevented the plaintiff from buying and selling coal and that the plaintiff lost profits which he otherwise would have realized. This is the gist of the action and these are the damages the plaintiff seeks to recover. It seems to me that this case falls within the holding in the Mumpower case. In that case the malicious act of the defendant in obtaining the injunction prevented Mumpower from

using his property for two years. The court held that the injury or damage was not to the property itself but to the plaintiff in his use thereof and that the damages sustained for the loss of such use were indirect and consequential. Here the illegal acts of the defendants did not prevent the plaintiff from operating his business but only made such operation more difficult and less profitable. In this case as in the Mumpower case the injury or damage is not to the property or business itself but to the plaintiff in the use or operation of such property or business and the damage for the loss of such use or operation is indirect and consequential.

An order dismissing the action may be presented after reasonable notice.