**Wanda BOLEN and Virgil Bolen, Plaintiffs,**

**v.**

**John W. BOLEN and Waddell Hospital and Clinic Incorporated, Defendants.**

Civ. A. No. 750362.

United States District Court,
W. D. Virginia,
Abingdon Division.

Jan. 19, 1976.

Robert H. Sack, Cincinnati, Ohio, and Jerry H. Geisler, Hillsville, Va., counsel of record, for plaintiffs.

Philip M. Sadler, Pulaski, Va., counsel of record, for John W. Bolen, M.D.

Francis W. Flannagan, Bristol, Va., for Waddell Hospital and Clinic, Inc.

MEMORANDUM OPINION
AND ORDER

TURK, Chief Judge.

In this suit filed pursuant to the diversity jurisdiction of this court Wanda and Virgil Bolen seek damages from Dr.

John Bolen and the Waddell Hospital and Clinic, Inc. Plaintiffs allege that on January 9, 1973 at the Waddell Hospital and Clinic, Inc. Dr. Bolen performed a tubal ligation on Wanda Bolen and that as a proximate result of the negligence of Dr. Bolen and the Waddell Hospital in failing to determine that Mrs. Bolen was pregnant prior to this operation she subsequently gave birth to twin boys who were born with birth defects. In the first count of this complaint Wanda Bolen seeks damages for pain, suffering and mental anguish suffered by her in giving birth and caring for the twin boys. In the second count to the complaint Virgil Bolen seeks damages for the hospital and medical expenses incurred by him in connection with the injuries allegedly suffered by his wife and for the loss of his wife's services and consortium, all of which he alleges were the proximate result of defendants' negligence in performing the tubal ligation. The defendants have moved for summary judgment on the theory that the suit is barred by the Virginia two-year statute of limitations for personal injuries. Va.Code Ann. § 8–24, as amended (Supp. 1975).

■ The allegedly negligent operation was performed on Wanda Bolen on January 9, 1973 and suit was filed on July 14, 1975. Therefore, if the two-year limitation of § 8–24 of the Virginia Code applies and if it began to run at the time the operation was performed, Mrs. Bolen's suit is time barred. In *Hawks v. DeHart*, 206 Va. 810, 146 S.E.2d 187 (1966), the Virginia Supreme Court considered the application of § 8–24 in a suit factually similar to the case at bar. In that case the plaintiff brought suit in March, 1963 claiming negligence on the part of the defendant doctor for leaving a surgical needle in her neck in the course of a goiter operation performed in April, 1946. Despite the fact the plaintiff testified that she first discovered the needle in her throat in May, 1962, the Court held that her suit was barred by § 8–24. The Court stated:

> We are committed in Virginia to the rule that in personal injury actions the limitation on the right to sue begins to run when the wrong is done and not when the plaintiff discovers that he has been damaged. 146 S.E.2d at 189.

The decision in *Hawks* remains the law of Virginia which this court must of course apply in a diversity suit. The court is therefore of the opinion that because Mrs. Bolen's complaint was not filed within two years after the alleged tort was committed it is barred by § 8–24 of the Virginia Code.

■ Arguably Mr. Bolen's claim in count 2 of this complaint would not be subject to the two-year limitation period of § 8–24, but would rather be governed by the five-year period of § 8–24 for personal actions which survive. *See Watson v. Daniel*, 165 Va. 564, 183 S.E. 183 (1936). However, the court need not determine whether this count is time barred for it is clear that under Virginia law Mr. Bolen has no cause of action for his wife's medical expenses or the loss of his wife's services or consortium. Section 55–36 of the Virginia Code[1] has

---

1. This statute provides:

*Contracts of, and suits by and against, married women.—*

A married woman may contract and be contracted with and sue and be sued in the same manner and with the same consequences as if she were unmarried, whether the right of liability asserted by or against her accrued heretofore or hereafter. In an action by a married woman to recover for a personal injury inflicted on her she may recover the entire damage sustained including the personal injury and expenses arising out of the injury, whether chargeable to her or her husband, notwithstanding the husband may be entitled to the benefit of her services about domestic affairs and consortium, and any sum recovered therein shall be chargeable with expenses arising out of the injury, including hospital, medical and funeral expenses, and any person, including the husband, partially or completely discharging such debts shall be reimbursed out of the sum recovered in the action, whensoever paid, to the extent to which such payment was justified by services rendered or expenses incurred by the obligee, provided, however, that written notice of such claim

abolished such suits by husbands, and for this reason count 2 of the complaint must also be dismissed.

Accordingly, Civil Action No. 750362 is dismissed for the reasons stated.[2]

for reimbursement, and the amount and items thereof, shall have been served on such married woman and on the defendant prior to any settlement of the sum recovered by her; and no action for such injury, expenses or loss of services or consortium shall be maintained by the husband.

2. Since the bases for dismissing the plaintiffs' complaint appears from the face of the complaint, the court has treated defendants' motion for summary judgment as a motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).