518

## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Kahlil Delk,
infant, etc., et al.

v.

Curtis Edens, Jr., et al.

October 17, 2001

Case No. (Law) 30971-VC

BY JUDGE H. VINCENT CONWAY, JR.

This suit is before the Court on a claim by an infant plaintiff for damages allegedly caused by two health care providers. As allowed by statute, the parent's claim for medical expenses has been joined with the child's claim for damages.

The suit was filed more than two years after the incident giving rise to the cause of action. No claim was filed by the parent for any separate personal injury within the two-year limitation period. The parties do not contest that the infant's claim is allowed under § 8.01-243.1 of the Code of Virginia, 1950, as amended, or that the parent has a claim for reimbursement of medical expenses and loss of services of such infant, which may be filed within five years after the cause of action occurs. § 8.01-243(B) states in part:

> Every action for injury to property, including actions by a parent . . . of an infant . . . for *expenses of curing or attempting to cure* such infant from the result of a personal injury or *loss of services of such infant*, shall be brought within five years after the cause of action accrues.

(Emphasis supplied.)

In setting forth the damages claimed on behalf of the parent, the pleading states, *inter alia*, and in addition to a claim for medical expenses, that the

parent "has been deprived of the society, companionship, and services of her infant son and will be so deprived for a long time in the future. . . ."

The defendants challenge the claim for damages by the parent based on loss of society and companionship, contending that such a claim, if otherwise viable, is barred by the two-year statute of limitations and should not be included under the (allowable) loss of services claim. The issue before the Court is to determine whether "loss of services of such infant" includes the loss of society and companionship suffered by the parent.

In analyzing the issue presented, a number of substantive areas of the law were reviewed. Under the wrongful death statute, a distinction is made between the types of injuries for which damages may be claimed: (1) sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices, and advice of the decedent; and (2) compensation for reasonably expected (i) loss of income of the decedent and (ii) services, protection, care, and assistance provided by the decedent. The former injuries concern the personal impact of the alleged wrong on those having a relationship with the decedent, while the latter allow damages to the estate of the beneficiaries based on the economic consequences of the injury, i.e., loss of income and services provided by the decedent. See § 8.01-52, Code of Virginia, 1950, as amended. In this and other areas, there is a continuing distinction between these two types of damages, one being personal and the other being economic and relating to property or personal estate interests.

In reviewing the issues surrounding the survivability of causes of actions, this same dichotomy is observed. In *Watson v. Daniel*, 165 Va. 564, 183 S.E. 183 (1936), the Court considered the question of the applicable statute of limitation of an action on behalf of a decedent in the healing of his infant child. In considering whether a one-year statute of limitation or five-year statute applied, the Court concluded that actions, which would survive, are "those for wrongs to property . . . or which grow out of breach of contract, but not for wrongs done to the person or reputation, or any purely personal wrong, apart from property or contract." See p. 568. The Court continued:

It may be of aid in the determination of the question to bear in mind the nature of the two actions. The gist of the infant's action was the negligence or the breach of duty of the defendants, while the plaintiff's action is for the damage he has sustained by reason of loss of services and incurring or paying the medical and hospital expense made necessary to effect a cure of the infant whose injury was caused by the negligence of the defendants. These expenses were legally

chargeable to the plaintiff and when he incurred or paid them, immediately he had a claim, or an unconditional right to have them paid to him by the defendants.

See pp. 568-69.

In the Court's judgment, the issue before the Court concerns this continuing distinction between the claim of the infant and the claim of the parent or, more precisely, the types of damages that may be claimed. The parent did not within the applicable limitation period assert any claim for injury to her person; her statutory claim is now for any economic injury incurred by her personal estate: that is, what has she been compelled to pay out of her personal estate for the medical and hospital expenses of this child and, additionally, has her estate been negatively impacted by the loss of services from this child.

Whether or not the survivability issue was the genesis behind the enactment of ¶ B of § 8.01-243 of the Code of Virginia, 1950, as amended, it is clear to the Court that in using the language "every action for injury to *property*, including actions by a parent," the referenced statute continues the distinction between an injury to the person and injury to the personal estate. In *Moses v. Acres*, 203 Va. 130 (1961), the Court emphasized the two separate causes of action which arise out of an injury to an infant by a wrongful act. In addition to the infant's claim, a claim of the parent is "for loss of services during minority and the necessary expenses incurred for the infant's treatment." "The parent's cause of action is founded upon the principle that he or she is primarily responsible for the necessary expenses incurred in curing or relieving the infant of his injuries." See p. 132. The gravamen of the parent's claim, therefore, is the economic responsibility to care for the child and the further loss of services, if any, either expended by the parent's estate or which have had a negative impact upon the estate.

There would appear to be no support for the proposition that a derivative action of a parent for medical expenses or loss of services for an infant also allows, under the applicable statute, any claim for injury to the person of the parent, emotionally or otherwise, or for *loss of society and companionship* of a child. If the legislature intended to extend the two-year limitation period for personal injuries for parents upon injury to their child, ¶ B of § 8.01-243 would have language other than the restrictive phrase, "every action for injury to *property*, including actions by a parent. . . ."

Upon review, the Court concludes that the personal claim of the parent for damages based on the loss of society and companionship of her son is barred by the applicable statute of limitation and is not a part of, equivalent to, or

included in the "loss of services" statutory claim. As a consequence, the Court will limit the claim of the parent to the statutory claims of medical expenses and loss of services. The claim of the parent for any injury or damages to her person, as opposed to her estate, is barred.